JOHN DIXON MYERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Myers v. Commissioner
Docket No. 8803-80.
United States Tax Court
T.C. Memo 1981-722; 1981 Tax Ct. Memo LEXIS 17; 43 T.C.M. (CCH) 142; T.C.M. (RIA) 81722; December 23, 1981. John Dixon Myers, pro se. Larry L. Nameroff, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined a deficiency of $ 529 in petitioner's Federal income tax for 1978 and an addition to tax of $ 26.45 under section 6653(a). [1]
At issue is whether the petitioner is (1) entitled to a claimed miscellaneous "war crimes" deduction and (2) liable for the addition to tax. All of the facts are stipulated and so found. John Dixon Myers (petitioner) resided in Columbus, Ohio, when he filed his petition in this case. He filed his Federal income tax return for the year 1978 with the Cincinnati Service Center, Covington, Kentucky. On that return he claimed a miscellaneous *18 "war crimes" deduction of $ 6,295.87. Respondent disallowed the claimed deduction in his notice of deficiency. In the stipulation of facts the petitioner has agreed that "according to the federal government's civil law, he owes § 529.00 in taxes" and that he knew when he filed his return for 1978 that "the federal government's civil law did not allow a 'war crimes' deduction." From the petitioner's pleadings, his views presented at trial and his subsequent communication to the Court it is clear that he is a person who has sincere and strong religious beliefs and convictions with respect to his opposition to war. [2] However, the legal principle is now well established that a taxpayer is not absolved from any portion of his Federal income tax liability because of religious or moral objections to governmental policies. This is true regardless of whether the objection is phrased with respect to the Constitution of the United States, deep-rooted religious principles or the tenets of international law. See , affg. per curiam a Memorandum Opinion of this Court; , *19 affg. per curiam a Memorandum Opinion of this Court; ; ; ; ; ; see also (968); . Accordingly, as the Court informed petitioner at the trial of this case, we must sustain the income tax deficiency determined by respondent. We also sustain the section 6653(a) addition to tax since the petitioner's good faith alone does not relieve him from liability under that section. See ; . *20 Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Petitioner is a direct descendent of William Bradford, the first governor of the Plymouth Colony. His religious beliefs and principles are of long standing. He devotes his energies to peaceful and humanitarians causes. His conscience has led him to oppose "war-making" in all respects.↩